Michael J. Esler, OSB No. 710560
esler@eslerstephens.com
John W. Stephens, OSB No. 773583
stephens@eslerstephens.com
**ESLER STEPHENS & BUCKLEY**
888 S.W. Fifth Avenue, Suite 700
Portland, Oregon 97204-2021
Telephone: (503) 223-1510
Fax: (503) 294-3995

Of Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**VANGUARD PRODUCTS GROUP, INC.,** and **TELEFONIX, INC.**,

Plaintiffs,

v.

**MERCHANDISING TECHNOLOGIES, INC.**,

Defendant.

Case No. 3:10-cv-392-KI

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

For its **Answer**, defendant alleges:

1. Defendant admits the Final Judgment by Consent and Permanent Injunction attached as Exhibit A to the Complaint was entered in *Vanguard Products Group et al v. Merchandising Technologies, Inc.*, Case No. 07-1450-BR and that it provides "[t]his Court shall retain continuing subject matter and personal jurisdiction for the purposes of construing or enforcing the terms of this Final Judgment by Consent and Permanent Injunction, and the Settlement Agreement between the parties, or for resolving any other dispute arising hereunder." Except as admitted, defendant denies

¶ 1.

2. Defendant admits ¶¶ 2-6.

3. Defendant admits the Final Judgment by Consent and Permanent Injunction provides that:

> Except for a limited transition period and service period provided in the Settlement Agreement, MTI and its officers, agents, servants, employees, affiliates, successors, and assigns, from the date of this Final Judgment to and including March 16, 2018, are permanently enjoined from infringing, contributing to the infringement of, or actively inducing the infringement of, any of the claims of U.S. Patent No. 6,799,994, by (i) making, using, selling, offering for sale, or importing into the United States any Infringing Products that were the subject of this action or any product that is not more than colorably different therefrom, regardless of the trade name, model number, or other product designation under which any such product is made, used, sold, or offered for sale, or imported into the United States (collectively, the "Enjoined Products"); or (ii) selling, offering for sale or delivering any component parts (Smart Cables, reels or retractors, pucks or posts) for use in combination with or as part of any Enjoined Product.

Except as admitted, defendant denies ¶ 7.

4. Defendant admits that the Confidential Settlement Agreement provides that defendant may make, use, sell, offer to sell, and import into the United States Enjoined Products "[f]or existing customer commitments for new store openings and retrofits during the time period from May 11, 2009, through December 31, 2009 (the 'Transition Period')." Defendant admits that the Confidential Settlement Agreement provides that defendant may make, use, sell, offer to sell, and import into the United States "the following parts associated with Infringing Products: Smart Cables, retractors, pucks and posts (collectively 'Transition and Service Parts')," "[f]or service of Infringing Products during the time period from May 11, 2009 through December 31, 2010 (the 'Service Period')." Except as admitted, defendant denies ¶¶ 8-9.

5. Defendant admits that Vanguard conducted an audit and that their were communications between the parties, which communications speak for themselves. Except as admitted, defendant denies ¶ 10.

6. Defendant denies ¶¶ 11-13.

ESLER, STEPHENS & BUCKLEY
Attorneys at Law
888 S.W. Fifth Avenue, Suite 700
Portland, Oregon 97204-2021
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

       7. Defendant admits that section 2.2 of the Confidential Settlement Agreement provides that

> During the Transition and Service Periods only, Vanguard agrees not to offer or sell replacement component parts (Smart Cables, retractors, pucks or posts) for use with Infringing Products installed at MTI's customers as of May 11, 2009. For example, Vanguard will not sell Vanguard-manufactured power couplers manufactured to the specifications of an MTI Smart Cable for use with a Freedom Universal Unibase assembly which had been installed at Best Buy prior to May 11, 2009. This provision shall not apply to Vanguard's existing customers for power couplers compatible with MTI Freedom products, e.g., customers to whom Vanguard has sold these products prior to May 11, 2009. Nothing in this Agreement shall prohibit Vanguard from offering or selling any product or component part to any customer for any new installation or retrofit. Other than as specified in this provision 2.2, nothing in this Agreement shall prohibit Vanguard from offering or selling any current or future Vanguard product or component part.

Defendant admits that section 2.3 of the Confidential Settlement Agreement provides that "[t]he restrictions in provision 2.2 above end on the earlier of (a) expiration of the Transition and Service Periods or (b) termination of such Periods due to default by MTI." Except as admitted, defendant denies ¶ 14.

8. Defendant admits that it has expressed an interest in selling component parts for use in products that Vanguard sold to customers. The component parts are not covered by any patent. The component parts are a staple product and are suitable for a noninfringing use. Use of the component parts in products sold by Vanguard does not constitute a direct infringement of any patent. The use and the repair and replacement of component parts is licensed. Sale of the component parts does not constitute a contributory infringement. Except as admitted, defendant denies ¶ 15

9. Defendant admits that it has sold component parts to Walmart. The component parts are not covered by any patent. The component parts are a staple product and are suitable for a noninfringing use. Use of the component parts in the products does not constitute a direct infringement of any patent. The use and the repair and replacement of component parts is licensed.

ESLER, STEPHENS & BUCKLEY
Attorneys at Law
888 S.W. Fifth Avenue, Suite 700
Portland, Oregon 97204-2021
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

Sale of the component parts does not constitute a contributory infringement. To the extent that MTI made Transition and Service Payment with respect to those sales of component parts in the past, a mistake was made. Except as admitted, defendant denies ¶ 16.

10. Paragraph 17 does not state a basis for declaratory relief. It suggests defendant is required to do something defendant is not required to do.

11. Defendant denies ¶¶ 18-36.

**First Affirmative Defense**

12. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

13. Plaintiff appears to be arguing for a construction of provisions of the Confidential Settlement Agreement that would render the provisions invalid. Plaintiffs appear to be arguing for a construction of provisions of the Final Judgment by Consent and Permanent Injunction that would the provisions unlawful.

**First Counterclaim**

14. Section 13 of the Confidential Settlement Agreement provides that "[i]f any proceeding is instituted to interpret or enforce any term or provision of any of the Settlement Documents, then the prevailing party shall be entitled to recover from the other party its reasonable attorneys' fees and all court costs incurred in such proceeding." Defendant is entitled to its reasonable attorney fees and costs.

THEREFORE, defendant respectfully demands a jury trial, a judgment of dismissal against

///

///

///

///

ESLER, STEPHENS & BUCKLEY
Attorneys at Law
888 S.W. Fifth Avenue, Suite 700
Portland, Oregon 97204-2021
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

plaintiffs, and its reasonable attorney fees and costs.

DATED this 22nd day of September, 2010.

ESLER STEPHENS & BUCKLEY

By: /s/ John W. Stephens
John W. Stephens, OSB No. 773583
Of Attorneys for Defendant MTI

k:\maureen\mti\answer to first amended complaint 9-22-10.doc

ESLER, STEPHENS & BUCKLEY
Attorneys at Law
888 S.W. Fifth Avenue, Suite 700
Portland, Oregon 97204-2021
Telephone: (503) 223-1510
Facsimile: (503) 294-3995